IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Lee Harris Jr., | : | |
| Petitioner | : | Case No. 2:14-cv-0982 |
| v. | : | Judge Economus |
| F. McAninch, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

# REPORT AND RECOMMENDATION

Petitioner Robert Lee Harris Jr., a prisoner at the Chillicothe Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2241.[1] This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

Harris essentially alleges that he was illegally extradited from Canada to the United States, prosecuted in Maine, then transferred to Ohio to resume serving a sentence for which he had previously been incarcerated but had escaped custody. The facts underlying his claim are fairly set out in Magistrate Judge Stephanie K. Bowman's

---

[1] Harris filed this action in the Middle District of Pennsylvania. He styled the complaint as one for a writ of coram nobis. The Middle District of Pennsylvania correctly deemed the suit a petition for writ of habeas corpus under 28 U.S.C. § 2241 because it challenges Ohio's right to maintain custody over Harris. That court then transferred the action to the Southern District of Ohio. (Doc. 4.)

February 7, 2013 Report and Recommendation in *Robert Lee Harris Jr. v. Warden, Southern Ohio Correctional Facility*, 1:12-cv-261 (S.D. Ohio, Western Division 2013)[2]:

### Escape and Subsequent Convictions

On December 4, 1980, after being transferred to the Chillicothe Correctional Institution, petitioner escaped from prison. (Doc. 11, Ex. 12). A fugitive warrant was issued for petitioner's arrest and a law enforcement detainer was lodged against him. *Id*. While an Ohio fugitive, petitioner was charged with committing two rape offenses in Maine. (See Doc. 11, Ex. 14). Apparently while out on bond on the Maine cases petitioner fled to Canada, where he was charged and convicted of choking during the commission of an indictable offense, sexual assault, and escape in the Supreme Court of Ontario. (Doc. 11, Ex. 13). On April 3, 1985, petitioner was sentenced to a term of imprisonment of twelve years for the choking conviction; eight years of imprisonment for the sexual assault conviction, which was to be served concurrently with the twelve year choking conviction; and six months of imprisonment for the escape conviction. *Id*. at 9-11.

On July 19, 1991, after having served his Canadian sentence, petitioner was found guilty of two counts of rape in the State of Maine Superior Court. (Doc. 11, Ex. 14 & 15). Petitioner was sentenced to consecutive prison terms of ten and twenty years for the two convictions. *Id*. Petitioner served his Maine sentence in the U.S. Federal Bureau of Prisons, where he remained incarcerated from July 19, 1991 until April 7, 2011. (See Doc. 11, Ex. 16).

On February 16, 2010, while serving his Maine sentence, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. Therein, petitioner challenged his sentence calculation on his Maine sentences and the Ohio detainer lodged against him. (Doc. 11, Ex. 17). The court dismissed petitioner's claims pertaining to Ohio on February 11, 2011. (Doc. 11, Ex. 18). Specifically, the court found that petitioner could not pursue his challenge to the Ohio detainer under the Privacy Act in a habeas petition; that petitioner provided no valid reason for striking the detainer; and that "[a]ny challenge to Ohio parole procedures can await his return to Ohio and commencement of any such proceedings." *Id*. at 1-2.

On April 6, 2011, it was determined that petitioner's Maine sentence had expired on September 20, 2009. (Doc. 11, Ex. 16). On April 7,

---

[2]February 7, 2013 Report and Recommendation, at 3-4, Doc. 18, PageID 237-38.

2011, petitioner was returned to Ohio on the fugitive warrant. Accounting for the Maine sentence miscalculation, petitioner's maximum sentence expiration date is September 27, 2022. (Doc. 11, Ex. 19).

Harris maintains he was tricked into agreeing to extradition from Canada to the United States. However, the time to raise that claim, which arose in 1991, is long past. 28 U.S.C. § 2244(d)(1)(A). *But see, Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). Even if the petition is not barred by the lapse of time in presenting the claim to the courts, it fails to state a claim. *See, Frisbie v. Collins*, 342 U.S. 519, 522-23 (1952). Ohio lawfully gained custody over Harris after the State of Maine released him on the sentence he was serving for his conviction there. The petition does not allege any irregularity in the detainer Ohio lodged with Maine. Further, it does not allege that Harris has exhausted his Ohio court remedies for violation of the Interstate Agreement on Detainers or that he has himself strictly complied with the requirements of that Agreement. Consequently, the petition fails to state a claim for violation of the Interstate Agreement on Detainers. *See, Norton v. Parke*, 892 F.2d 476, 480-81 (6th Cir. 1989).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED as time barred or, alternatively, for failure to state a claim.

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge