IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT LEE HARRIS JR.,

      Petitioner,

      v.

F. McANINCH, WARDEN,

      Respondent.

CASE NO. 2:14-CV-0982
JUDGE PETER C. ECONOMUS
MAGISTRATE JUDGE AB EL

## OPINION AND ORDER

On July 28, 2014, the Magistrate Judge issued a *Report and Recommendation* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed.  Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*.  For the reasons that follow, Petitioner's *Objection,* Doc. No. 7, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Petitioner asserts that he illegally was extradited from Canada to Maine, held in Maine beyond expiration of his sentence, and illegally extradited from Maine to Ohio.  He asserts that he was denied effective assistance of counsel and coerced in relation to those proceedings.  He argues that his claims properly are construed under the All Writs Act, and as a petition for a writ of *coram nobis,* under which he is entitled to relief.  Petitioner contends that the one year statute of limitations for the filing of habeas corpus petitions does not apply under these circumstances, and that Ohio illegally holds him on charges of escape.  He objects to the Magistrate Judge's recommendation of dismissal.   .

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  The All Writs Act of 28 U.S.C. § 1651, provides in relevant part:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). This Act constitutes an "extraordinary remedy" and is permitted only where justice so compels. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see also United States v. Acosta,* 10 Fed.Appx. 294, unpublished, 2001 WL 505944, at *1 (6th Cir. 2001)(citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) ("*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character, *e.g*., errors rendering the proceedings themselves invalid.") "[T]he *coram nobis* petitioner carries a heavy burden .... "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Haddadd v. United States*, 2007 WL 7230219, at * 1 (E.D.Mich. Oct.26, 2007) (citing *Carlisle v. United States,* 517 U.S. 416, 429 (1996)).

A writ of error *coram nobis* may vacate a federal conviction where the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 no longer remains available. *United States v. Johnson*, 237 F.3d at 753. To obtain this extraordinary remedy, however, a petitioner must establish: "1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson,* 237 F.3d at 755. "[A] defendant is not entitled to a writ of *coram nobis* when he or she only alleges an error of law."

In reviewing a petition for *coram nobis,* "[i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise." *Morgan,* 346 U.S. at 512. Although no statute of limitations applies to the filing of this writ, the Supreme Court has held that a petitioner

must establish "sound reasons [ ] for failure to seek appropriate earlier relief." *Morgan,* 346 U.S. at 512. "[O]therwise there would be essentially no time limits for bringing *coram nobis* claims. Sound policy dictates that *coram nobis* claims be brought as early as possible to prevent the suffering imposed by illegal convictions and to prevent the government from being prejudiced[.]." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996); *see also Johnson v. United States*, 334 F.2d 880, 883–84 (6th Cir.1964) (refusing to consider *coram nobis* petition due to fifteen-year delay).

Petitioner has failed to meet the requirements for consideration of his petition under the All Writs Act.  He fails to explain why he failed to raise his claims in 1991, when he was extradited to the United States, or in the many years thereafter.  Likewise, he does not explain why he failed to raise his claims in the many months that have passed since April 7, 2011, when he was extradited from Maine to Ohio, and became aware of the basis for his claims.  Under these circumstances, "It would be senseless to suppose that Congress" intended to permit a Petitioner to "pass through the closed door" of 28 U.S.C. § 225[4] "simply by changing the number to 1651 on their motions."  Petitioner fails to raise any claim of fundamental justice not earlier known to him that likely would have altered the outcome of the proceedings at issue. *Johnson*, 237 F.3d at 755 (*Coram nobis* only appropriate to review errors rendering the proceedings themselves invalid.").

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review.  For the reasons set forth above and those discussed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection,* Doc. No. 7, is **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                              **/s/ Peter C. Economus**
                                              **UNITED STATES DISTRICT JUDGE**